```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  1/12/2026
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

German Patricio Galvez Galvez,

                           Petitioner,

-against-

LaDeon FRANCIS, in his official capacity as Acting Field Office Director of New York, Immigration and Customs Enforcement; Kristi NOEM in her official capacity as Secretary of Homeland Security; Pam BONDI, in her official capacity as Attorney General,

                           Respondents.

26 Civ. 161 (AT)

**ORDER**

ANALISA TORRES, District Judge:

      Petitioner, German Patricio Galvez Galvez, an Ecuadorian citizen seeking asylum in the United States, petitions for a writ of habeas corpus under 28 U.S.C. § 2241, challenging the lawfulness of his detention by Immigration and Customs Enforcement ("ICE"). *See generally* Pet. (the "Petition"), ECF No. 1. Galvez contends that his Fifth Amendment right to due process was violated when he was detained on January 8, 2026, after arriving at 26 Federal Plaza for a scheduled hearing on his asylum claim. *See id.* ¶¶ 17–18. Galvez seeks immediate release from custody. *Id.* at 2. For the reasons stated below, the Petition is granted.[1]

## BACKGROUND

      On December 17, 2022, "[f]earing for his life" after being "brutally attacked on several occasions by the Jalisco Nueva Generacion Cartel in Ecuador," Galvez entered the United States through the southern border with his wife and three children. Pet ¶ 14; *see* Opp. Ltr. at 1, ECF No.

---

[1] Having reviewed the Petition, the materials filed in support thereof, and the government's opposition and accompanying declaration and exhibits, the Court finds that the Petition "present[s] only issues of law," and it may, therefore, be adjudicated without a hearing. 28 U.S.C. § 2243 (commanding courts to dispose of habeas petitions expeditiously, "as law and justice require").

6. On January 18, 2023, he was served with a Notice to Appear ("NTA"), charging him as inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i). NTA, ECF No. 1-2. The NTA directed him to appear before an immigration judge in New Jersey in March 2023. *Id.* That same day, he was released pursuant to 8 U.S.C. § 1226(a) on an Order of Release on Recognizance ("Order of Release"). Opp. Ltr. at 2; *see* Order of Release, ECF No. 1-3.

Galvez "has a pending application for immigration relief," Opp. Ltr. at 2, specifically, an application for asylum, Pet. ¶ 15. His wife and children are claimed as derivatives on the asylum application. *Id.* Galvez's "seven-year-old son is missing a kidney and requires serious and regular medical attention." *Id.* ¶ 16. Since January 2023, Galvez "has been regularly attending his [] immigration court hearings," and he and his family "have never had any criminal law enforcement contact." *Id.* ¶ 15; *see id.* ¶ 10 ("[Galvez] has fully complied with check-ins mandated by Respondents, as well as attended all immigration court proceedings.").

On Thursday, January 8, 2026, Galvez was detained immediately before a scheduled master calendar hearing on his asylum claim at 26 Federal Plaza. Pet. ¶¶ 10, 15, 17; *see* Opp. Ltr. at 2. "No justification [was] given for his sudden detention." Pet. ¶ 10. ICE served Galvez with a Form I-200 arrest warrant that day,[2] Warrant, ECF No. 6-2; Opp. Ltr. at 2, and that same day, Galvez filed this petition for a writ of habeas corpus under 28 U.S.C. § 2241, *see* Pet.

## DISCUSSION

"Noncitizens are . . . entitled to challenge through habeas corpus the legality of their ongoing detention," including "the lawfulness of detention when it is first imposed." *Velasco Lopez v. Decker*, 978 F.3d 842, 850 (2d Cir. 2020) (quotation omitted). "The Supreme Court has been unambiguous that executive detention orders, which occur without the procedural protections

---

[2] The record does not indicate what time he was served and whether it was before he was detained.

required in courts of law, call for the most searching review." *Id.* In analyzing Galvez's due process claim, the Court holds that (1) Galvez is not subject to detention under 8 U.S.C. § 1225(b)(2)(A); and (2) because he is instead subject to detention under § 1226(a), his due process rights were violated when ICE detained him without an individualized determination of his dangerousness or flight risk.[3] The government concedes that if the Court follows its decisions in *Gonzalez v. Joyce*, No. 25 Civ. 8250, 2025 WL 2961626 (S.D.N.Y. Oct. 19, 2025), *Cuy Comes v. DeLeon*, No. 25 Civ. 9283, 2025 WL 3206491 (S.D.N.Y. Nov. 14, 2025), and *Perez Agustin v. Joyce*, 25 Civ. 10122, 2025 WL 3564494 (S.D.N.Y. Dec. 12, 2025), the Court should grant the writ of habeas corpus. *See* Opp. Ltr. at 1, 2–3.[4] The Court grants the writ.

I. Basis of Detention

The government seeks to justify Galvez's detention under 8 U.S.C. § 1225(b)(2)(A), which provides for mandatory detention of certain noncitizens. *See* Opp. Ltr. at 1. "This Court need not spill much ink on the issue, as it agrees with the overwhelming weight of authority" and concludes that Galvez is detained under 8 U.S.C. § 1226(a). *Cardenas v. Almodovar*, No. 25 Civ. 9169, 2025 WL 3215573, at *2 (S.D.N.Y. Nov. 18, 2025).

First, as in *Gonzalez*, it is undisputed that when Galvez was released on his own recognizance, the government did so under § 1226(a). *See* Order of Release (stating the release is "[i]n accordance with section 236 of the Immigration and Nationality Act" ("INA"), codified at 8 U.S.C. § 1226); Opp. Ltr. at 2 ("On or about January 18, 2023, Petitioner was released on his own recognizance pursuant to 8 U.S.C. § 1226(a)."); *see also Gonzalez*, 2025 WL 2961626, at *4.[5]

---

[3] Because the Court agrees that Galvez's release is required because his due process rights were violated, the Court does not consider Galvez's other arguments in support of his petition. *See, e.g.*, Pet. ¶¶ 51–58, 64–66.
[4] In opposition to the Petition, the government incorporates by reference the arguments it made in *Gonzalez v. Joyce*, No. 25 Civ. 8250, 2025 WL 2961626 (S.D.N.Y. Oct. 19, 2025). *See* Opp. Ltr. at 3 n.3. In this order, the Court refers to the opposition brief filed at ECF No. 18 in *Gonzalez* as Opp. Mem.
[5] A noncitizen detained under § 1225(b)(2)(A) may be released if he is paroled for "urgent humanitarian reasons or significant public benefit" pursuant to 8 U.S.C. § 1182(d)(5)(A), in which case the government reserves its rights to

Likewise, the warrant for Galvez's January 8 arrest authorized his arrest under § 1226. *See* Warrant (stating that service of the warrant is authorized pursuant to INA § 236). And, for the reasons explained in *Cuy Comes*, § 1226(a) governs detention pending removal proceedings made pursuant to an administrative warrant and where the exception under § 1226(c) does not apply. *Cuy Comes*, 2025 WL 3206491, at *3. Thus, the government's "own exhibits unequivocally establish that [Galvez] was detained pursuant to [its] discretionary authority under § 1226(a)." *Lopez Benitez v. Francis*, 795 F. Supp. 3d 475, 485 (S.D.N.Y. 2025).

Second, as dozens of courts have recognized, the "statutory text" of § 1225(b)(2)(A), the "statutory structure" of §§ 1225 and 1226, a "recent amendment" to § 1226, and the government's "longstanding practice," all confirm that § 1226(a) applies to Galvez, who has been residing in the United States for over two years, Pet. at 1. *Cuy Comes*, 2025 WL 3206491, at *2–3 & n.4; *Rodriguez v. Bostock*, No. 25 Civ. 5240, 2025 WL 2782499, at *1 n.3 (W.D. Wash. Sept. 30, 2025) (collecting cases); *see also Jennings v. Rodriguez*, 583 U.S. 281, 289 (2018) (stating that § 1226(a) would apply to the removal of noncitizens who are "already in the country pending the outcome of removal proceedings"); *Castanon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048, 1060 (7th Cir. 2025) (finding persuasive that "any noncitizen who is unlawfully already in the United States" is not covered by § 1225(b)(2)(A)).

II.   Due Process Required for § 1226(a) Detention

"At the outset, the Court rejects [any] assertion that [Galvez] is not entitled to due process under the Fifth Amendment and is instead limited only to the process provided by Congress." *Cuy*

---

"continue to treat the noncitizen as if stopped at the border." *Lopez Benitez v. Francis*, 795 F. Supp. 3d 475, 484 (S.D.N.Y. 2025) (citation omitted). To the extent Galvez's initial arrest in at the southern border has any significance, by releasing Galvez on his own recognizance, rather than pursuant to this limited exception to § 1225(b)(2)(A), the government's conduct evinces that it has not treated Galvez as a person subject to § 1225(b)(2)(A). *See id.* at 485; *J.G.O. v. Francis*, No. 25 Civ. 7233, 2025 WL 3040142, at *4 (S.D.N.Y. Oct. 28, 2025) ("Release on your own recognizance isn't parole 'into the United States.'" (citation omitted)).

4

*Comes,* 2025 WL 3206491, at *4.  Galvez is not, as the government purports, an "alien on the threshold of initial entry," Opp. Mem. at 11 (citation omitted), but rather a noncitizen who was released and has been living in the country since December 2022 during the pendency of his asylum proceedings, Pet. at 1.  *See Gonzalez*, 2025 WL 2961626, at *4.  As the Supreme Court has unambiguously held, "the Due Process Clause applies to all 'persons' within the United States, including [noncitizens], whether their presence is lawful, unlawful, temporary, or permanent." *Zadvydas*, 533 U.S. at 693 (citation omitted); *Velasco Lopez*, 978 F.3d at 850.

As in *Cuy Comes*, 2025 WL 3206491, at *5, and *Gonzalez*, 2025 WL 2961626, at *3, the government does not dispute that Galvez was re-detained "with no process at all, much less prior notice," "no showing of changed circumstances," and no "opportunity to respond."  *Lopez Benitez*, 795 F. Supp. 3d at 498 (citation omitted); *see* Pet. ¶¶ 15, 14, 17; *see generally* Opp. Ltr.  For the reasons explained in *Cuy Comes*, 2025 WL 3206491, at *4–5, *Gonzalez*, 2025 WL 2961626, at *3, and *Lopez Benitez*, 795 F. Supp. 3d at 492–96, among other cases, the Court concludes that such process is required when detaining someone under § 1226(a), and, therefore, Galvez's due process rights were violated when he was "re-detained by immigration authorities with no deliberative process prior to, or contemporaneous with the detention."  *Lopez Benitez*, 795 F. Supp. 3d at 498 (quoting *Valdez v. Joyce*, No. 25 Civ. 4627, 2025 WL 1707737, at *4 (S.D.N.Y. June 18, 2025)).

To the extent the government argues that Galvez's detention was made pursuant to its discretionary authority, there is no valid exercise of discretion where "there is nothing to suggest that [the government] exercised any discretion *at all* in detaining [Galvez] . . . in contravention of the basic procedural requirements of § 1226(a)."  *Cuy Comes*, 2025 WL 3206491, at *5 (quoting *Lopez Benitez*, 795 F. Supp. 3d at 494–495).  Nor is there any dispute that "ICE is required to adhere to the basic principles of due process when exercising its discretion under § 1226(a)."  *Id.*

(citing *Velasco Lopez*, 978 F.3d at 850–51). Because Galvez was "denied due process when ICE detained [him] . . . without first conducting an individualized assessment as to [his] dangerousness or flight risk, or any kind of process at all sufficient to qualify as a valid exercise of discretion," his release is required. *Lopez Benitez*, 795 F. Supp. 3d at 496.

### III.   Exhaustion

Galvez is excused from exhausting his administrative remedies, *see* Opp. Mem. at 13–16, because the "available remedies provide no genuine opportunity for adequate relief"[6] and because Galvez has raised "a substantial constitutional question" regarding his detention procedures. *Beharry v. Ashcroft*, 329 F. 3d 51, 62 (2d Cir. 2003); *see Chipantiza-Sisalema v. Francis*, No. 25 Civ. 5528, 2025 WL 1927931, at *3 (S.D.N.Y. July 13, 2025); *Cuy Comes*, 2025 WL 3206491, at *6; *Gonzalez*, 2025 WL 2961626, at *5.

## CONCLUSION

For the reasons stated above, the Petition, ECF No. 1, is GRANTED. Respondents are ordered to immediately release Galvez from custody.

Respondents must brief their authority, if any consistent with this Order, to (1) redetain Galvez without a valid exercise of discretion; (2) deny bond to Galvez in any subsequent proceeding on the ground that he must be detained pursuant to 8 U.S.C. § 1225(b)(2)(A), absent a change in relevant circumstances; (3) invoke the automatic stay provision at 8 C.F.R. § 1003.19(i)(2) if Galvez is granted bond; or (4) impose additional conditions of release or burdens on Galvez's liberty, other than those required by Galvez's Order of Release. If, instead, Respondents confirm that they will take none of those steps with respect to Galvez without prior

---

[6] For example, the government mentions that a detained person could request a custody re-determination, which would involve a bond hearing conducted by an immigration judge in an unspecified venue at some unknown date after the person's unconstitutional detention. *See* Opp. Mem. 14.

notice of at least one week provided to him and the Court, Respondents need not file such briefing.

*See Quispe-Sulcaray v. Noem et al.*, No. 25 Civ. 9908, 2025 WL 3501207, at *2 (S.D.N.Y. Dec. 7, 2025).

By **January 13, 2026 at 12:00 p.m.**, Respondents shall file a letter on the docket certifying compliance with this Order.

SO ORDERED.

Dated: January 12, 2026
New York, New York

_____
ANALISA TORRES
United States District Judge